IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRAZ COLEMAN**                                                                **PETITONER**

**V.**                                          **CIVIL ACTION NO. 3:23-cv-214-HTW-LGI**

**SHERIFF BILLIE SOLLIE and CAPTAIN
UNKNOWN FOTENBERRY**                                       **RESPONDENTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before this Court is pretrial detainee Braz Coleman's petition for writ of habeas corpus relief under 28 U.S.C. § 2241, filed March 28, 2023. Coleman alleges that his constitutional rights to due process, a speedy trial, and the protection from unreasonable search and seizures and cruel and unusual punishment have all been violated. Respondents move to dismiss the petition for failure to state a claim upon which relief may be granted, or in the alternative, for failure to exhaust state court remedies. Upon review of the pleadings and applicable case law, the undersigned recommends that the petition be dismissed.

For a court to review the claims of a state pretrial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987).

While a pretrial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Jud. Cir. Ct. of Ky.,* 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie,

absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. To the contrary, a pretrial detainee may not derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). The Fifth Circuit has held that this distinction rests on the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. *Id.* at 1282. If he is attempting to force the state to go to trial, then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id*. at 1283.

At the time of filing, Coleman asserted that he had been in the Lauderdale County Detention Center since July 4, 2022, "with no counsel communication and no trial or indictment." Arrested for drug possession, Coleman requested the "dismissal of [his] indictment, immediate release, and the relief described in [*Coleman v. Lauderdale County, et.al*] 3:22CV621-TSL-RPM"— his companion 42 U.S.C. § 1983 case

challenging the conditions of his confinement.[1] Since the filing of the instant petition, the record reflects that Coleman has now been indicted by a Lauderdale County grand jury for tracking methamphetamine under Miss Code Ann. § 41-29-139(f)(2)(c). Because granting his request to have his charges dismissed would prevent the State from following through with its prosecution on the pending drug charges, Coleman fails to state a claim upon which 28 U.S.C. § 2241 relief may be granted. Likewise, his Eighth Amendment claims challenging the conditions of his confinement, and not the fact thereof, fail to state a cognizable habeas claim, as they are properly brought under 42 U.S.C. § 1983.[2] *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Spencer v. Bragg*, 310 F. App'x. 678, 679 (5th Cir. 2009).

Lastly, although Coleman appears to invoke his right to a speedy trial, he does not assert, nor does the record reflect, "special circumstances" which would allow this Court to consider the merits of his claims before he has been tried. The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson*, 816 F.2d at 227. Coleman must also overcome the hurdles of exhaustion before requesting federal relief. *Brown*, 530 F.2d at 1283. He has not done so.

---

[1] In his §1983 action, Coleman asserted numerous conditions-of-confinement claims against several defendants, including a claim for denial of medical care, a claim for unconstitutional living conditions, and a claim that he was assaulted on multiple occasions. *Coleman v. Lauderdale County, et.al*, 3:22CV621-TSL-RPM.

[2] Coleman's condition-of confinement claims in the instant petition include challenges to the length of time spent on lockdown and the lack of writing materials.

For these reasons, the undersigned recommends that the instant petition be dismissed for failure to state a claim upon which habeas relief may be granted, and/or in the alternative, for failure to exhaust available state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections to the Report and Recommendation within 14 days after being served with a copy of this Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on November 29, 2023.

s/ LaKeysha Greer Isaac<br>
UNITED STATES MAGISTRATE JUDGE